1  Bruce H. Jackson (State Bar No. 988118)
    (bruce.jackson@bakermckenzie.com)
2  Irene V. Gutierrez (State Bar No. 252927)
    (irene.gutierrez@bakermckenzie.com)
3  **BAKER & McKENZIE LLP**
    Two Embarcadero Center, 11th Floor
4  San Francisco, CA  94111-3802
    Telephone:      +1 415 576 3000
5  Facsimile:      +1 415 576 3099

6  Attorneys for Petitioner
    GUIDO GIANASSO

7

FILED

2012 FEB -8 P 2: 28

WILKING
DISTRICT COURT
OF CALIFORNIA

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  In re GUIDO GIANASSO, Petitioner,          Miscellaneous Case No.

13                                              **PETITIONER GUIDO GIANASSO'S**
    For the Issuance of Discovery in Aid of Foreign  **APPLICATION FOR ISSUANCE OF**
14  Proceeding Pursuant to 28 U.S.C. § 1782.   **DISCOVERY PURSUANT TO**
                                                **28 U.S.C. § 1782**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3027

1    Petitioner GUIDO GIANASSO ("GIANASSO") hereby makes this application for limited

2    discovery in aid of a criminal investigation currently pending in Geneva, Switzerland, for the

3    reasons stated in this memorandum.

4    **I.    Background**

5    GIANASSO requests that the Court allow it to serve a subpoena on a certain Online

6    Service Provider ("OSP") located in this District to identify the individual(s) who authored an

7    anonymous post on the OSP's website that included comments defaming GIANASSO.  The post

8    contains statements that are highly relevant to the investigation pending in Geneva and any

9    subsequent civil action that GIANASSO may seek against this anonymous poster. The identity of

10   the author of these comments is a key piece of evidence for GIANASSO's investigation and

11   prosecution of his claims.

12   ***The Geneva Investigation***

13   The investigation pending in Geneva is being handled by the airport security division,

14   given that GIANASSO is employed with the International Air Transport Association ("IATA"),

15   an international trade body comprising a group of airlines. **Exhibits A, B** and **C** to *Request for*

16   *Judicial Notice in Support of Guido Gianasso's 28 U.S.C. §1782 Application ("RJN")*.  This

17   investigation is not the first of its kind. A few years ago, during the period 2003-2004, in the

18   middle of IATA's reorganization, GIANASSO received anonymous threats, including threats of

19   physical harm, and damage to his personal property, and the Geneva police conducted an

20   investigation of those events. **Group Exhibit D** to *RJN*.

21   GIANASSO is a resident of Switzerland. He is the Human Capital Director of IATA. In

22   2003, IATA underwent a reduction in force as part of a global reorganization. GIANASSO, as the

23   head of human relations for IATA was the figure-head during this restructuring phase. Once jobs

24   began to be cut, current and former employees began sending offensive and threatening e-mails to

25   GIANASSO (in addition to IATA's CEO) and even damaged his car while parked at IATA's

26   offices at the Geneva airport.

27   Currently, the reduction in force is completed, but employee rancor persists. Most of the

28   current activity is in online forums, such as those on the employment information website

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

Misc. Case No.
APPLICATION FOR DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1   Glassdoor.com, which are the subject of this application and the Geneva investigation.

2        The Geneva airport police opened this investigation in early January of this year,

3   following a formal accusation by GIANASSO dated December 12, 2011. **Exhibit A** to *RJN*.  In

4   his accusation, GIANASSO alleges that a post on Glassdoor.com dated November 20, 2011,

5   injured his personal and professional reputation and makes reference to the prior investigation in

6   January 2004. The Geneva authorities have assigned the case to Detective Thomas Dupont of the

7   airport security division. Mr. Dupont is seeking the identity of the anonymous poster to proceed

8   in the investigation. **Exhibit C** to *RJN*. GIANASSO also requires the identity of the anonymous

9   poster before proceeding with any civil proceeding in Switzerland.

10       ***The Anonymous Post***

11       The anonymous poster publishes under the pseudonym *IATA Anonymous* on

12  Glassdoor.com's IATA page.  The *IATA Anonymous* avatar does not contain any personal

13  identifying details such as a name or e-mail address. The posts do, however, indicate that the

14  poster is in Geneva, Switzerland, and was a current employee at the time of the post.

15       Glassdoor.com is a website dedicated to providing information on employers and the

16  employment marketplace. It provides its services free of charge to subscribers. Users simply

17  complete an enrollment form with an e-mail address and a password, accept Glassdoor.com's

18  terms and conditions, and are able to publish content to the Internet via Glassdoor.com's servers.

19  Glassdoor.com is run by Glassdoor, Inc. ("Glassdoor"). *See*, Glassdoor.com "Terms of Use,"

20  http://www.glassdoor.com/about/terms.htm, *RJN*, **Exh. E.** Glassdoor maintains a business

21  address in this district at 1 Harbor Drive, Suite 300, Sausalito, CA 94965-1434.  *See*,

22  Glassdoor.com "About Us," http://www.glassdoor.com/about/index_input.htm, *RJN*, **Exh. F.**

23  Glassdoor is a Delaware corporation, registered to do business in California. Secretary of State

24  Record for "Glassdoor, Inc.", *RJN*, **Exh. G.**  On that record, Glassdoor lists its address as 3

25  Harbor Drive, Suite 211, Sausalito, California 94965, and notes that Robert Homan is its agent for

26  service of process at the same address.  *Id.*

27       *IATA Anonymous* started publishing about GIANASSO and IATA on or about November

28  2011. The post directed at GIANASSO, which contains false, misleading and damaging

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

statements, is dated November 20, 2011, *RJN*, **Exh. H.**  The posting is attributed to *IATA Anonymous*.

This posting, among others, have injured and continue to cause injury to GIANASSO by publishing false and misleading information about his management style and decisions and urging for his dismissal. In addition to defaming GIANASSO, these postings may also constitute violations of IATA's employment terms. Thus, both the content and authorship of these posts are relevant to both the Geneva investigation and a civil defamation case by GIANASSO.

In an attempt to identify the *IATA Anonymous* user, GIANASSO submitted an e-mail request to Glassdoor November 30, 2011, to monitor these types of postings and remove those that contained "prohibited content" as set forth in Glassdoor's Terms of Use. *See, Declaration of Guido Gianasso in Support of Guido Gianasso's 28 U.S.C. §1782 Application*, ¶4, **Exh. A.** Glassdoor responded by stating it would comply in accordance with the law and its policies. *Id.* A few days later, the post was removed.

Without an IP address or any other identifying information for *IATA Anonymous*, neither GIANASSO nor the Geneva authorities have any available recourse for identifying the person or persons that made the defamatory remarks on Glassdoor.com.  Therefore, GIANASSO seeks to serve a third-party subpoena under Rule 45 of the Federal Rules of Civil Procedure upon Glassdoor for the IP address(es) used to make the posting included in **Exhibit H** and any other personally identifying details, such as name, e-mail addresses, physical addresses, age, etc., which could be used to identify *IATA Anonymous*.

II.     **This application satisfies the mandatory and discretionary elements of 28 U.S.C. § 1782.**

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).

Discovery under Section 1782 is proper if it meets the following threshold statutory criteria:  (1) it is directed at a resident of the district in which the court sits; (2) it is intended for use before a foreign tribunal; (3) it is based upon the application of a person interested in a

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

4

Misc. Case No. _____
APPLICATION FOR DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1  foreign proceeding; and (4) it does not require disclosure of privileged materials. *See generally*

2  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-65 (2004). A court, when

3  exercising discretion to grant a Section 1782 application, may also consider four additional

4  factors: (1) whether the request is overly intrusive or burdensome; (2) whether the person from

5  whom discovery is sought is a party in the foreign proceeding; (3) the nature of the foreign

6  tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

7  tribunal to federal court assistance; and (4) whether the request appears to be an attempt to

8  circumvent foreign proof-gathering procedures of the foreign tribunal. *Id.*

9       Here the threshold statutory requirements are met. Under § 1782, a court may permit

10  discovery "upon the application of any interested person." 28 U.S.C. § 1782(a). Glassdoor.com

11  resides in the district covered by this Court. *RJN*, **Exhs. E-G.** The discovery is for use in an

12  ongoing criminal investigation in Switzerland, and as such is expressly covered by the statute.

13  *See, United States v. Sealed 1*, 235 F.3d 1200 (9th Cir. 2000). Finally, as the accusor in the

14  criminal investigation and eventual civil plaintiff, the applicant GIANASSO is an "interested

15  person" within the meaning of Section 1782. *See, In re Merck & Co.*, 197 F.R.D. 267, 270

16  (M.D.N.C. 2000) ("an interested person includes a party to the foreign litigation, whether directly

17  or indirectly involved.")

18       Having established that GIANASSO satisfies the threshold statutory requirements of

19  1782, we turn now to the question of whether the discovery requested is relevant to the Geneva

20  Investigation and/or is being sought for an improper purpose. *See Intel Corp. v. Advanced Micro*

21  *Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors for a court to

22  consider in determining whether to grant a request for judicial assistance under § 1782); *see also*

23  *In re Chevron Corp.*, No. M-19-111, 2010 U.S. Dist. LEXIS 47034, at *16 (S.D.N.Y. May 10,

24  2010) (noting that one such factor is "whether the subpoena contains unduly intrusive or

25  burdensome requests"). In assessing this issue, courts are guided by the applicable standards

26  found in the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1782 (providing that, "[t]o the

27  extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and

28  the document or other thing produced, in accordance with the Federal Rules of Civil Procedure").

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

As discussed above, GIANASSO seeks the identity of *IATA Anonymous* to support the Geneva Investigation and to be able to present a civil defamation claim in Switzerland. The identity of *IATA Anonymous* is necessary to advance either proceeding.

There is no improper purpose behind this application. The information requested is not only relevant to GIANASSO's claims but also admissible in those proceedings and intended to be used as documentary evidence. The identity of *IATA Anonymous* is otherwise unattainable, given that the relevant post was made through Glassdoor.com's servers in this District and no other means are available to positively identify the author for use in the Geneva Investigation. *See London v. Does*, 279 Fed. Appx. 513, 515 (9th Cir. 2008) (upholding denial of motion to quash where evidence was otherwise unattainable in French proceedings); *see also, Intel Corp.*, 542 U.S. at 264 (noting that evidence from nonparties to foreign proceeding would likely be unobtainable absent §1782). Further, the request is not an attempt to avoid foreign evidence rules, and is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users, and not the content of any communication. *See London,* 279 Fed. Appx. at 515.

In sum, this application fulfills both the mandatory and discretionary factors of 28 U.S.C. § 1782 and should be granted.

**III.    The contemplated subpoena is limited and does not offend either First Amendment concerns or the protections afforded OSPs in the Cable Privacy Act.**

In addition to fulfilling the mandatory and discretionary requirements pursuant to 28 U.S.C. § 1782, this application also does not offend applicable U.S. authority on propounding discovery on OSPs for the identification of anonymous author(s).

Because discovery pursuant to 28 U.S.C. § 1782 must comport with the Federal Rules of Civil Procedure, we now turn to analyze how this discovery request would be handled under the Rules if this were U.S. litigation against an anonymous Doe defendant, where the same type of third-party subpoena would be served on an OSP to identify the unknown defendant and effect service upon him/her. An application of this legal framework to the case at hand demonstrates that GIANASSO has good cause for seeking the discovery requested in this application and that

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3027

1  the appropriate safeguards to protect anonymous speech have been respected.[1]

2      Courts in this jurisdiction have consistently held that when the identities of defendants are
3  not known before a complaint is filed, a plaintiff "should be given an opportunity through
4  discovery to identify the unknown defendants, unless it is clear that discovery would not uncover
5  the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*,
6  629 F.2d 637, 642 (9th Cir. 1980); *see also, Alberta Ltd. v. John Doe*, No. 2:10 cv 0900 TS, 2010
7  U.S. Dist. LEXIS 100482, *4 (D. Utah September 22, 2010)(permission to serve expedited
8  discovery, including subpoenas on Twitter and Facebook, to identify unknown defendants who
9  allegedly published false, defamatory and infringing statements on the internet); *Allcare Dental*
10  *Management, LLC v. Zrinyi*, No. CV-08-407-S-BLW, 2008 U.S. Dist. LEXIS 84015, (D. Idaho
11  Oct. 20, 2008)(provisions of Cable Privacy Act permitted expedited discovery to determine
12  identity of unknown defendants).

13      In evaluating whether a plaintiff establishes good cause to learn the identity of Doe
14  defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe
15  defendant with sufficient specificity that the court can determine that the defendant is a real
16  person who can be sued in federal court, (2) recounts the steps taken to locate and identify the
17  defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that
18  the discovery is likely to lead to identifying information that will permit service of process.
19  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

20      Here, all of these elements are satisfied: (1) the post author(s) is/are a real person(s) who
21  may be sued in Switzerland; (2) GIANASSO has unsuccessfully attempted to identify *IATA*
22  *Anonymous* prior to filing this application; (3) GIANASSO's claims and defenses in the Geneva
23  Proceedings are valid claims that are being investigated in Geneva and, thus, present at least a
24  *prima facie* case; and (4) there is a reasonable likelihood that service of the proposed subpoena on
25  the OSP will lead to information identifying *IATA Anonymous. See, Gianasso Decl.* ¶4; *RJN*,

26

27  [1] Similar applications have been granted in this jurisdiction and have not been found to violate
First Amendment right to anonymous free speech. *See London v. Does*, 279 Fed. Appx. 513,
28  516.(9th Cir. 2008).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

7

Misc. Case No. _____
APPLICATION FOR DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1  **Exhs. A, B and C.** The court, therefore, should find that good cause exists to allow GIANASSO
2  to engage in the proposed discovery.

3        The requested discovery is necessary for GIANASSO to determine the true name and
4  address of the individual(s) who posted the offending content on Glassdoor.com. There are no
5  other practical measures GIANASSO could take to identify *IATA Anonymous*. GIANASSO is
6  aware of no available information that would identify *IATA Anonymous*, other than information
7  maintained by its Online Service Providers and Internet Service Providers. Due to the nature of
8  online transactions, as described below, GIANASSO has no way of determining *IATA*
9  *Anonymous* identity except through a third-party subpoena.

10       The wrongful acts at issue in this action occurred through online uploading of statements
11 to a web blog. In order to commit these illegal acts, a user must connect to the Internet.
12 Individuals gain access to the Internet through an Internet service provider (ISP). When an ISP
13 provides Internet access to a subscriber, it does so through a modem located at the subscriber's
14 home or office. Each time the subscriber accesses the Internet, the ISP provides a unique number
15 to the subscriber called an Internet protocol (IP) address. This is somewhat akin to a telephone
16 number. The IP address for a subscriber may stay the same (a static IP address) or it may change
17 from time to time (a dynamic ip address). ISPs generally record the times and dates it assigns
18 each IP address to a subscriber.

19       Online Service Providers (OSPs) provide services to individuals, such as blog hosting and
20 e-mail services. While these services often allow users to subscribe to their services
21 anonymously, the OSPs do have the ability to identify the IP address of the individuals using their
22 online services.

23       GIANASSO recorded the exact date the individuals posted the defamatory content on
24 Glassdoor.com and communicated same to Glassdoor. GIANASSO now seeks a subpoena
25 directing Glassdoor to identify the IP addresses that uploaded content to the Glassdoor.com
26 website on the date noted.

27       With the potential IP addresses in hand, GIANASSO can then perform a simple search on
28 public databases to determine which Internet access provider controls the specific IP address

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

8

Misc. Case No.
APPLICATION FOR DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1  identified. GIANASSO could then subpoena the resulting Internet Service Providers to determine

2  the name and address of the subscribers to whom they assigned the various IP addresses recorded

3  and/or proceed before the relevant Swiss authorities for determination of the same. The Geneva

4  authorities have already expressed their availability to assist in this process. *Gianasso Decl.* ¶ 5.

5  The first step, however, is obtaining the IP address(es) from Glassdoor with the assistance of this

6  Court.

7        GIANASSO, therefore, requests that the Court issue an order allowing it to serve a

8  subpoena on the relevant Online Service Provider requesting specific user IP address information

9  and subscriber information necessary to identify *IATA Anonymous*.

10        Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing

11  personally identifiable information concerning subscribers without the prior written or electronic

12  consent of the subscriber or a court order, and since some Internet service providers, including

13  those listed above in this motion, are also cable operators, GIANASSO requests that the Court

14  order state clearly that the Court contemplated the Cable Privacy Act and that the order

15  specifically complies with the Act's requirements. See, 47 U.S.C. §551.

16        GIANASSO requests that the Court issue the requisite Order instructing Glassdoor, and

17  any other relevant service providers they identify (and who are subject to this Court's

18  jurisdiction) to produce any and all documents and/or information sufficient to identify the user or

19  users during the recorded dates and times. GIANASSO will only use this information to

20  prosecute/investigate the claims made in and related to the Geneva Investigation. Without this

21  information GIANASSO cannot adequately prosecute his claims to protect his personal and

22  business reputation and interests.

23        Pursuant to the Cable Privacy Act, such discovery should be conditioned on the OSPs

24  having 7 (seven) calendar days after service of the subpoenas to notify the subscriber that their

25  identity is sought by GIANASSO, and each subscriber whose identity is sought having 21

26  (twenty-one) calendar days from the date of such notice to file any papers contesting the

27  subpoena.

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3027

9

Misc. Case No. _____
APPLICATION FOR DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1  **IV.   Conclusion**

2          For the reasons set forth above, GIANASSO respectfully requests that this Court grant his

3   application for discovery in aid of foreign proceedings, and that it issue the subpoena to

4   Glassdoor.com in the suggested form attached to the proposed order.

5   Dated:  February 8, 2012                    BAKER & McKENZIE LLP

6

7                                               By: _____

8                                               Irene V. Gutierrez (State Bar No. 252927)
                                                Two Embarcadero Center, 11th Floor
9                                               San Francisco, CA 94111-3802
                                                Telephone:+1 415 576 3000
                                                Facsimile: +1 415 576 3099
10                                              irene.gutierrez@bakermckenzie.com

11                                              Attorneys for Petitioner Guido Gianasso

12

13
    CHIDMS1/2981324.1
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Misc. Case No. _____
APPLICATION FOR DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782