1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re GUIDO GIANASSO, Petitioner

For the Issuance of Discovery in Aid of Foreign
Proceeding Pursuant to 28 U.S.C. § 1782.
_____/

No. C 12-80029 MISC SI

**ORDER GRANTING PETITIONER
GUIDO GIANASSO'S APPLICATION
FOR ISSUANCE OF SUBPOENA TO
GLASSDOOR.COM PURSUANT TO 28
U.S.C. § 1782**

**BACKGROUND**

Petitioner Guido Gianasso, a Swiss citizen, requests discovery in aid of an ongoing criminal investigation in Geneva, Switzerland pursuant to 28 U.S.C. § 1782.  On November 20, 2011, *IATA Anonymous in Geneva, Switzerland*, a user of the online service glassdoor.com ("Glassdoor"), created a post allegedly defaming petitioner.  Request for Judicial Notice in Support of Guido Gianasso's 28 U.S.C. § 1782 Application ("RJN") Ex. H.  Gianasso formally accused *IATA Anonymous* of defamation in Geneva on December 12, 2011, and the Geneva Airport Security Authority has opened a criminal investigation.  RJN Ex. A and B.  In aid of that investigation and a potential civil defamation suit that Gianasso wishes to bring in Switzerland, Gianasso is requesting discovery of the identity of *IATA Anonymous*.  The Swiss detective handling the criminal investigation and Gianasso have already requested this information from Glassdoor.  Declaration of Guido Gianasso in Support of Application for Issuance of Discovery Pursuant to 28 U.S.C. § 1782 ¶ 4, RJN Ex. C.  In response to those requests, Glassdoor indicated it would need a court order before identifying *IATA Anonymous*.  *Id*.

**DISCUSSION**

**I.   28 U.S.C. § 1782**

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a).  A district court is authorized to grant a § 1782 application,

> where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or "any interested person."

*In re Application for Appointment of a Commissioner re Request for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. § 1782*, No. C 11-80136 RS (MEJ), 2011 WL 2747302 (N.D. Cal. July 13, 2011) (granting § 1782(a) application seeking issuance of subpoenas on blog publishing service to identify individuals who authored an anonymous blog commenting on foreign labor dispute).  In addition, "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782.  The Supreme Court has held that § 1782 does not contain a "foreign-discoverability requirement"—*i.e.*, there is no requirement that the information sought be discoverable under the law governing the foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004).  The Supreme Court has also held that a § 1782(a) applicant is not required to show that United States law would permit "discovery in domestic litigation analogous to the foreign proceeding."  *Id*. at 263.  "Section 1782 is a provision for assistance to tribunals abroad.  It does not direct United States courts to engage in a comparative analysis to determine whether analogous proceedings exist here."  *Id*.

A district court has discretion whether to grant Section 1782 discovery. *Id*. at 264.  The Supreme Court has identified four additional factors when considering whether to allow discovery: (1) "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency

abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is unduly intrusive or burdensome. *Id*. at 264-65.

The Court has reviewed Gianasso's application and has preliminarily determined that the statutory requirements have been met. Glassdoor is located in Sausalito, which is within the Northern District of California. RJN Exhibit F. The discovery is for use in an ongoing criminal investigation in Switzerland, and is necessary before Gianasso can institute a civil defamation proceeding. *See* 28 U.S.C. § 1782(a). Petitioner is an interested person under the statute. *Intel*, 542 U.S. at 256 (an interested person under § 1782 includes a complainant to a foreign tribunal).

The Court also preliminarily finds that the discretionary factors identified by the Supreme Court weigh in favor of granting the application. Glassdoor.com is not a party to the Swiss proceeding, and therefore Glassdoor's evidence is unobtainable absent § 1782(a) aid. The Swiss detective handling the criminal investigation is seeking the identity of the anonymous poster to proceed in the investigation, and thus presumably is receptive to U.S. federal court judicial assistance. Nothing before the Court suggests that Gianasso's § 1782 request is an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Finally, the request is not unduly intrusive or burdensome because it seeks to gather only identifying information for *IATA Anonymous*, such as the name and address of the user, and not the content of any communication. *See In re Application for Appointment of a Commissioner re Request for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. § 1782*, 2011 WL 2747302, at *5.

## II.     The Cable Privacy Act

Gianasso's application requests that the Court's order state that the Court has considered the Cable Privacy Act, 47 U.S.C. § 551, and that the order specifically complies with the Act's requirements. The Cable Privacy Act prohibits cable operators from disclosing personally identifiable information regarding subscribers without either the prior written or electronic consent of the subscriber, or a court order, provided the cable operator provides the subscriber with notice of the disclosure. 47 U.S.C. § 551(c)(1), (c)(2)(B). A cable operator is defined as "any person or group of persons (A) who

provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." *Id*. § 522(5). Gianasso's application states that some Internet Service Providers, such as Glassdoor.com, are also cable operators.

For the reasons discussed above in connection with § 1782, the Court finds that Gianasso has established good cause to learn the identity of *IATA Anonymous*. However, the Court's ruling does not preclude the subpoena from being consisted on other grounds not presently before the Court. Pursuant to the Cable Privacy Act, Glassdoor shall have seven calendar days after service of the subpoena to notify *IATA Anonymous* that his or her information is sought by petitioner, and the subscriber whose identity is sought shall have twenty-one calendar days from such notice to file any papers contesting the subpoena. 47 U.S.C. § 551. The return date of the subpoena shall be set after the expiration of the 21 day period for the subscriber to contest the subpoena. If the subscriber contests the subpoena, Glassdoor shall preserve (but not disclose) the information sought by the subpoena pending the resolution of that contest.

///

4

1

**CONCLUSION**

2    For the foregoing reasons, the Court GRANTS Gianasso's application. Docket No. 1. Gianasso

3  may serve the subpoena (filed as Docket No. 5, Ex. A) with the following conditions:

4    1.    Within 7 calendar days after service of the subpoena, Glassdoor.com shall notify the

5        subscriber that his or her identity is sought by petitioner and shall serve a copy of this

6        order on the subscriber. The subscriber whose identity is sought may, within 21 calendar

7        days from the date of such notice, file documents with the Court that contest the

8        subpoena. The return date of the subpoena shall be set after the expiration of the 21 day

9        period for the subscriber to contest the subpoena. If the subscriber contests the

10       subpoena, Glassdoor shall preserve (but not disclose) the information sought by the

11       subpoena pending the resolution of that contest.

12   2.    If Glassdoor.com wishes to move to quash the subpoena issued to it, it shall do so before

13       the return date of the subpoena. If such a motion is brought, Glassdoor.com shall

14       preserve the information sought by the petitioner in the subpoena pending resolution of

15       such motion.

16   **IT IS SO ORDERED.**

17

18  Dated: February 28, 2012

_____
SUSAN ILLSTON
United States District Judge

19

20

21

22

23

24

25

26

27

28

5